IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUMBOLDT BAYKEEPER and
ECOLOGICAL RIGHTS FOUNDATION,

    Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY
and NORTH COAST RAILROAD
AUTHORITY,

    Defendants.

No. C 06-02560 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

Now before the Court are the motions by defendant Union Pacific Railroad Company ("Union Pacific") and defendant North Coast Railroad Authority ("NCRA") to dismiss the First Amended Complaint ("FAC") filed by plaintiffs Humboldt Baykeeper and Ecological Rights Foundation ("Plaintiffs"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants in part and denies in part the motions to dismiss by Union Pacific and NCRA.[1]

## BACKGROUND

In this action, Plaintiffs allege that Defendants have unlawfully discharged pollutants from a 30-acre property located in Eureka, California which Plaintiffs refer to as the "Balloon Track" into "waters of the United States." (FAC, ¶ 9.) Plaintiffs further allege that Union Pacific allowed its individual National Pollutant Discharge Elimination System ("NPDES")

---

[1] Union Pacific also moves to strike the Declaration of Layne Friedrich and Attachments 3 and 4 to the declaration. The Court did not need to consider such evidence in order to resolve the motions to dismiss. Therefore, the Court denies this motion as moot.

permit to expire in 1986 and has not applied for a new permit regulating the discharges of pollutants from the Balloon Track. (*Id*., ¶¶ 46-49.) Nor have Defendants, according to Plaintiffs, filed a Notice of Intent to obtain coverage under the Industrial Storm Water Permit for storm water discharges at the Balloon Track. (*Id*., ¶ 50.) Based on these alleged discharges, Plaintiffs contend that Defendants are violating the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq*., California's General Permit for Discharges of Storm Water Associated with Industrial Activity, the Nation Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001, the Regional Board's Cleanup and Abatement Order, and the Resources Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq*.

On February 1, 2006, Humbolt Baykeeper sent a notice letter to Defendants regarding their alleged violations of the CWA. (FAC, ¶ 2; Union Pacific's Request for Judicial Notice ("RJN"), Ex. A.[2]) Plaintiffs then filed the instant action on April 12, 2006. The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.   Legal Standards on a Motion to Dismiss.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult*

---

[2] The Court grants Union Pacific's request that the Court take judicial notice of the notice sent by Plaintiffs and referenced in their complaint. *See In re Cornerstone Propane Partners, L.P.*, 355 F. Supp. 2d 1069, 1076 (N.D. Cal. 2005) ("Under the incorporation by reference doctrine of the Ninth Circuit, this court is entitled to take documents on judicial notice which are referenced in but not attached to the complaint, as long as they are not subject to authenticity challenges.").

2

*Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, while as a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted); *see also Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Unlike a Rule 12(b)(6) motion, in moving to dismiss under Rule 12(b)(1) a party can "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**B.      Defendants' Motions to Dismiss.**

      **1.      The Notice Required for Plaintiffs' First, Second and Third Claims Was Sufficient.**

The CWA prohibits the discharge of any pollutant from a "point source" into the waters of the United States without a NPDES permit. *Northern Plains Resource Council v. Fidelity Exploration & Development Company,* 325 F.3d 1155, 1160 (9th Cir. 2003); 33 U.S.C. §§

3

1311(a), 1342. The statute defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). In order to bring a citizen suit under the CWA, a potential plaintiff must provide sixty days' notice prior to filing suit. *See* 33 U.S.C. § 1365(b). Failure to provide proper notice deprives a court of subject matter jurisdiction to hear the suit. *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354-55 (9th Cir. 1995).

Defendants argue that Plaintiffs' sixty-day notice required by the CWA was deficient because the notice failed to identify any "point source" or discharge locations. The required notice "must include sufficient information to allow the recipient "to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the persons or person responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice." *Washington Trout*, 45 F.3d at 1353 (citing 40 C.F.R. 135.3(a)). The Ninth Circuit clarified that "[a]lthough the notice must be sufficiently adequate so that the recipients can identify the basis for the complaint, the citizen is not required to list every specific aspect or detail of every alleged violation. Nor is the citizen required to describe every ramification of a violation." *Community of Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F. 3d 943, 951 (9th Cir. 2002) (internal quotes and citation omitted); *see also Waterkeepers N. California v. AG Indus. Mfg.*, 375 F.3d 913, 917 (9th Cir. 2004) ("Notice is sufficient if it is reasonably specific and if it gives the accused company the opportunity to correct the problem.") (internal quotes and citation omitted).

Here, Plaintiffs' notice states that: "The pollutants at the Site have been discharged and continue to discharge to Receiving Waters through the Balloon Track via ditches, culverts, canals and other point sources." (RJN, Ex. A at 6.) The notice then cites to a map of the property which was attached as an exhibit to the notice. The map denotes the location of a

4

1  South Culvert, a North Culvert, Waterfront Drive, and Humbolt Bay.  (RJN, Ex. A to Ex. A.)

2  The notice further provides:

> Pollutants located throughout the Balloon Track are discharged to Humbolt Bay, Clark Slough, the storm drain system, on-Site wetlands, and to groundwater.  Specifically, the Site is within 1500 feet of Humbolt bay and adjacent to the Clark Slough.  Storm water from the Balloon Track flows directly into Clark Slough.  In addition, several ditches have been constructed along the eastern and the north and northwest sides of the Site to channel the Site's storm water discharges to Clark Slough.  There are also several wetlands throughout the Site and groundwater beneath the Site that is [*sic*] subject to tidal flows.

(RJN, Ex. A at 7.)  Attached as Exhibit D to the notice is another map which indicates the location of Clark Slough, Humbolt Bay, as well as several culverts and a drainage ditch on the property.  (RJN, Ex. D to Ex. A.)  Based on these descriptions in the notice and the attached maps, the Court finds that Plaintiffs' notice was sufficient in that it is reasonably specific in identifying the alleged violations, including the alleged point sources.  Accordingly, the Court denies Defendants' motions to dismiss Plaintiffs' first, second and third claims based on a failure to sufficiently identify any "point source" or discharge locations.

### 2. Plaintiffs State a Claim For Failure to Apply for a Permit.

In their first claim, Plaintiffs allege that Defendants had a duty to apply for a NPDES permit.  Defendants argue that, while the CWA prohibits the discharge of any pollutant from a point source into the waters of the United States without a NPDES permit, the CWA does not create an independent duty to apply for a NPDES permit.  In other words, according to Defendants, the sole violation may be the act of polluting, not any failure to obtain a permit.  In support of their claim, Plaintiffs points to section 1342 of the statute and regulation 40 C.F.R. 122.21.  Section 1342 authorizes the Environmental Protection Agency to prescribe NPDES permit conditions.  *See* 33 U.S.C. § 1342.  Regulation 122.21, which is applicable to the states pursuant to 40 C.F.R. 123.25, provides under "Duty to apply" that "[a]ny person who discharges or proposes to discharge pollutants ... and who does not have an effective permit, except persons covered by general permits ..., must submit a complete application to the Director ...."  40 C.F.R. § 122.21.

This court, Judge Patel presiding, addressed this exact issue and determined that a claim for unpermitted discharge of pollutants and another for a failure to obtain a NPDES permit were two claims with "distinct legal viability." *See Environmental Prot. Info. Ctr. v. Pacific Lumber Co.*, 301 F. Supp. 2d 1102, 1110 n. 6 (N.D. Cal. 2004). Defendants did not cite to, nor did this Court find, any authority to the contrary. Accordingly, the Court finds that the claim for failure to apply for a permit is alleged sufficiently and denies Defendants' motions as to Plaintiffs' first claim.

### 3. Plaintiffs Sufficiently State a Claim for Unpermitted Discharges.

In their second claim, Plaintiffs allege that Defendants are violating the CWA by discharging pollutants from the Balloon Track to the waters of the United States without a NPDES permit. Defendants argue that Plaintiffs' second claim fails to state a claim because Plaintiffs fail to allege a discharge from a point source. However, the Court has already considered and rejected this argument. Plaintiffs have sufficiently alleged point sources.

Defendants further argue that this claim fails because CWA does not cover pollutants discharged from groundwater to the waters of the United States. The Ninth Circuit directly addressed and rejected this argument in *Northern Plains*. *See Northern Plains Resource Council*, 325 F.3d at 1160-63 (finding that discharging unaltered groundwater into a river was covered by the CWA). Defendants attempt to distinguish the holding in *Northern Plains*, arguing that the Ninth Circuit was merely addressing whether "groundwater extracted through a well and pump system and conveyed to a neighboring river required an NPDES permit." (Union Pacific's Reply at 7.) Again, Defendants are arguing that Plaintiffs' claim is premised on discharges from diffuse water without any point sources. The Court has already concluded that Plaintiffs have sufficiently alleged point sources. Accordingly, the Court denies Defendants' motions to dismiss Plaintiffs' second claim.

### 4. Plaintiffs' Third Claim Is Alleged Sufficiently.

In their third claim, Plaintiffs allege that Defendants failed to obtain coverage under the California Industrial General Permit and are in violation of the permit requirements. (FAC, ¶¶ 121-125.) Defendants argue that this claim is deficient because Plaintiffs fail to allege any

6

storm water discharged from a "conveyance which is used for collecting and conveying storm water" or that such conveyances are "directly related to manufacturing, processing or raw materials storage areas at an industrial plant" under the Industrial General Permit.

Federal regulations specifically identify transportation facilities as "industrial" and clarify that industrial facilities include "areas where industrial activity has taken place in the past and significant materials remain and are exposed to storm water." 40 C.F.R. § 122.26(b)(14). Plaintiffs allege that the Balloon Track is a former railroad switching, maintenance, and freight yard where significant quantities of substances and waste materials remain on site and are exposed to storm water. (FAC, ¶¶ 18-23.) Plaintiffs further allege that the storm water from the Balloon Track discharge through the point sources discussed above. (*Id.*, ¶ 30-35, 114-26.) The Court finds that these allegations are sufficient, and thus denies Defendants' motions as to Plaintiffs' third claim.

### 5. Plaintiffs' Fourth through Eighth Claims are Sufficiently Alleged.

Defendants argue that Plaintiffs' fourth through eighth claims asserting alleged failures to comply with the requirements of the Industrial General Permit fail as a matter of law because, according to the FAC, Defendants did not seek coverage under this permit by submitting a completed Notice of Intent ("NOI").

"States may issue individual permits to industrial discharges or may cover dischargers under the terms of on general permit." *Waterkeepers*, 375 F.3d at 915 (citing 40 C.F.R. § 122.26(c)). "California has issued a general permit to cover industrial dischargers." *Id*. To be covered by the Industrial General Permit, "individual dischargers must file a notice of intent with the state." *Id*. at 916 (citing NPDES General Permit No. CAS000001 ("Industrial General Permit") at 1-2 ¶ 3). Defendants argue that because Plaintiffs allege that it failed to file the requisite NOI, it is not covered by the permit and Plaintiffs' claims alleging their failure to comply with the terms of the permit thus fail as a matter of law.

Despite the statement that individual dischargers must file a notice of intent in order to be covered, the Ninth Circuit assumes without deciding in *Waterkeepers* that a plaintiff may sue for failing to comply with the Industrial General Permit, even if the discharger did not seek

7

coverage under the permit. The plaintiffs in *Waterkeepers* faulted the defendant company for failing to seek coverage under the Industrial General Permit *and* brought claims for the company's failure to meet the permit's requirements. *Waterkeepers*, 375 F.3d at 917. The court denied the company's motion to dismiss for lack of jurisdiction and did not comment on any failure by the plaintiffs to state a claim for violating the Industrial General Permit. *Id*. at 916-20. Moreover, the court rejected the company's argument that the complaint should be dismissed because the company cured all alleged violations by filing a NOI and complying with the requirements of the Industrial General Permit. *Id*. at 920-21. In light of the implied holding of *Waterkeeper*, and the lack of any authority to the contrary submitted by Defendants, the Court finds that Plaintiffs may bring claims for violating the Industrial General Permit. Accordingly, the Court denies Defendants' motions as to Plaintiffs' fourth through eighth claims.

**6.    Plaintiffs' Ninth Claim Fails as a Matter of Law.**

In their ninth claim under the CWA, Plaintiffs allege that Union Pacific is violating the terms of a Cleanup and Abatement Order ("CAO") issued by the Regional Board in 2001 and two associated monitoring and reporting programs. Union Pacific moves to dismiss this claim, arguing that Plaintiffs cannot bring a citizen CWA action to enforce the CAO because it is not an NPDES permit with incorporated effluent limitations.

The provision of the CWA authorizing citizen suits provides that "any citizen may commence a civil action ... against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). "Effluent standard or limitation" is defined, in pertinent part, as "an unlawful act under subsection (a) of section 1311 ... [or] an effluent limitation or other limitation under section 1311 or 1312." 33 U.S.C. § 1365(f). Plaintiffs contend that the CAO constitutes a "limitation, ... necessary to meet water quality standards ..., established pursuant to any State law ..., or required to implement water quality standards established under the [CWA]" as set forth in section 1311(b)(1)(C). (Opp. at 11.)

The problem with Plaintiffs claim premised on the CAO is that the CWA only regulates discharges from point sources. The Ninth Circuit specifically examined section 1311(b)(1)(C) and determined that it does not apply to discharges from nonpoint sources. *Oregon Natural Resources Council v. U.S. Forest Service*, 834 F.2d 842, 849 (9th Cir. 1987). The court "recognize[d] that nonpoint sources of pollution constitute a major source of pollution in the nation's waters." However, the court found that the CWA does not "allow[] for the enforcement of state water quality standards, as affected by nonpoint sources, under the citizen suit provision." *Id*. Upon review of the CAO, it does not appear to regulate discharges from *point sources*. (RJN, Ex. C to Ex. A.) The Court notes that the CAO ordered Union Pacific to submit an interim remedial plan "to address onsite soil impacted with concentrations of Site contaminants" and to include "[m]itigation measures to prevent *potential migration* of residual soil contamination to groundwater and/or surface water bodies ..." (*Id*. at p.13) (emphasis added). Accordingly, the Court grants Union Pacific's motion on this ground and dismiss Plaintiffs' ninth claim.

### 7. Plaintiffs' Tenth Claim is Sufficiently Alleged.

In their tenth claim, Plaintiffs allege that Union Pacific is violating the Resources Conservation and Recovery Act ("RCRA"). "RCRA is a comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." *See Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996). However, under an industrial discharge exclusion, the RCRA excludes from the definition of solid waste "solid or dissolved materials in ... industrial discharges which are point sources subject to permits under section 1342 of [the CWA]" 42 U.S.C. § 6903(27).

Union Pacific contends that Plaintiffs allege that all groundwater, storm water and wastewater on site is "subject to permits" under the CWA and that all of Plaintiffs' allegations with respect to the CWA are incorporated into their RCRA claim. Accordingly, Defendants argue that Plaintiffs' allegations fall within the industrial discharge exclusion, and thus, their RCRA claim should be dismissed. Plaintiffs counter that the industrial discharge exclusion does not apply to on-site contamination, but rather, is limited to point source discharges

9

governed by the CWA. Plaintiffs further argue that the exclusion only applies if a permit was issued pursuant to the CWA.

The Court finds that Plaintiffs have alleged sufficient facts to support their claim that Union Pacific has and is violating the RCRA. The industrial discharge exclusion "applies only to the actual point source discharge." *U.S. v. Dean*, 969 F.2d 187, 194 (6th Cir. 1992) (quoting 40 C.F.R. § 261.4(a)(2) cmt.); *see also Williams Pipe Line Co. v. Bayer Corp.*, 964 F.Supp. 1300, 1328 (S.D. Iowa 1997); *Buchholz v. Dayton Intern. Airport*, 1995 WL 811897, *23 (S.D. Ohio 1995). Plaintiffs allege that Union Pacific has contaminated the environment through non-point source discharges, *i.e*, discharges that are not regulated by the CWA. For example, Plaintiffs allege, *inter alia*, that "throughout the operational history of the Balloon Track, substances used in the maintenance and repair of rail cars and engines have been allowed to leak, spill, or be poured into the ground, contaminating the soil, groundwater, and surface waters throughout the site." (FAC, ¶ 22.) Plaintiffs' further allege that Union Pacific continues to store and dispose of solid and/or hazardous waste at the Balloon Track. (*Id*. at ¶ 24.) Under their tenth claim, Plaintiffs allege that this alleged conduct violates the RCRA. (*Id*. at ¶¶ 167-74.) Accordingly, the Court denies Union Pacific's motion as to Plaintiffs' tenth cause of action.[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES the motions by Defendants as Plaintiffs'

///
///
///
///
///

---

[3] The Court notes that the parties dispute the scope of the industrial discharge exclusion in the RCRA and whether it applies to conduct requiring a permit under the CWA or only applies when a permit has actually been issued. However, Union Pacific has moved to dismiss the RCRA claim in its entirety. Because the Court concludes that Plaintiffs have alleged sufficient facts to support their RCRA claim, the Court need not resolve this dispute at this time. This order is without prejudice to the parties raising this issue at another time, such as in a motion for summary judgment.

first through eighth and tenth claims and GRANTS Union Pacific's motion as to Plaintiffs' ninth claim.

**IT IS SO ORDERED.**

Dated: November 27, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California