| | |
|---|---|
| 1 | JOHN BRISCOE (State Bar No. 053223) |
| 2 | LAWRENCE S. BAZEL (State Bar No. 114641) |
|   | MELANIE TANG (State Bar No. 221264) |
| 3 | BRISCOE IVESTER & BAZEL LLP |
|   | 155 Sansome Street, Seventh Floor |
| 4 | San Francisco, CA 94104 |
|   | (415) 402-2700 |
| 5 | Fax (415) 398-5630 |

Attorneys for Defendants CUE VI, LLC and
UNION PACIFIC RAILROAD COMPANY

FILED

MAR 05 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUMBOLDT BAYKEEPER, a program of
Ecological Rights Foundation, and
ECOLOGICAL RIGHTS FOUNDATION, a
non-profit corporation,

        Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, a
Delaware corporation, NORTH COAST
RAILROAD AUTHORITY, a state agency, and
CUE VI, LLC, an Alaska limited liability
company,

        Defendants.

No. 06-02560 JSW WDB

**APPLICATION TO BE AVAILABLE BY TELEPHONE**

Date: March 5, 2008
Time: 2:00 p.m.
Judge: Hon. James Larson

Although Union Pacific Railroad Company ("Union Pacific") is a named party, it has been indemnified by CUE VI, LLC ("CUE VI") for the claims being asserted by plaintiffs in this action. Both CUE VI and Union Pacific are represented by the counsel filing this application—counsel who inadvertently did not notify Union Pacific about the conference date until this week. Union Pacific's client representative, Mr. Robert Bylsma, had by that time made arrangements to fly to Denver, along with several other people, for an extended meeting. Counsel for Union Pacific therefore makes this application for Mr. Bylsma to be available by phone.

1

APPLICATION TO BE AVAILABLE BY TELEPHONE      CASE NO. C 06-02560 JSW WDB

This application should be granted for the following reasons:

First, Mr. Bylsma's physical presence is not needed for a full resolution of the issues. CUE VI, which has indemnified Union Pacific, will be present with full authority to engage in settlement discussions. CUE VI is the current owner of the property, and the party that plans to implement any additional cleanup needed for the property. CUE VI will be the party who will resolve any cleanup issues and reach agreement, if agreement can be reached. Union Pacific is not needed on the cleanup issues. Union Pacific is also not needed for cost issues, because CUE VI has also assumed responsibility for this item. Nothing that is likely to be discussed at the settlement conference will require the participation of Union Pacific.

Second, it would be a substantial hardship, not only for Mr. Bylsma but also for those with whom he is meeting, to revise his plans and come to a settlement conference where in all likelihood he will have nothing to say. He has an all-day meeting in Denver to discuss a site-remediation project. The meeting will involve many Union Pacific personnel, including the company's Program Manager for Site Remediation and Manager for Environmental Site Remediation, and several consultants who are flying to Denver to meet with him.

Third, counsel for Union Pacific has reported on this matter to Mr. Bylsma, and there is no one else at Union Pacific who is sufficiently familiar with the matter to attend in his place.

Fourth, the history of settlement in this matter shows that Mr. Bylsma need not be present. He was not present at the mediation session at JAMS, and was not called on any issue.

Fifth, the problem arose though no fault of Mr. Bylsma, and he should not be penalized for his counsel's oversight.

Mr. Bylsma will be available by telephone during the settlement conference.

| | |
|---|---|
| 1 | For these reasons, counsel for Union Pacific respectfully requests that Mr. Bylsma not be |
| 2 | required to attend the settlement conference in person, and be allowed to be available by |
| 3 | telephone. |
| 4 | |
| 5 | DATED: February 27, 2008. |

BRISCOE IVESTER & BAZEL LLP

By: _____
Lawrence S. Bazel
Attorneys for Defendants CUE VI, LLC and
UNION PACIFIC RAILROAD COMPANY

SO ORDERED

_____
JAMES LARSON
U.S. CHIEF MAGISTRATE JUDGE