**United States District Court**
For the Northern District of California

1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7
8              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   HUMBOLDT BAYKEEPER and
    ECOLOGICAL RIGHTS FOUNDATION,
10                                              No. C 06-02560 JSW
                    Plaintiffs,
11
12         v.                                   **NOTICE OF QUESTIONS**
    UNION PACIFIC RAILROAD COMPANY
13  and NORTH COAST RAILROAD
    AUTHORITY,
14
                    Defendants.
15  _____/
16
17         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

18  NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON

19  JUNE 13, 2008 AT 9:00 A.M.:

20         The Court has reviewed the parties' papers and, thus, does not wish to hear the parties

21  reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not

22  cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these

23  authorities reasonably in advance of the hearing and to make copies available at the hearing.  If

24  the parties submit such additional authorities, they are ORDERED to submit the citations to the

25  authorities only, with reference to pin cites and without argument or additional briefing.  *Cf.*

26  N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to

27  explain their reliance on such authority.

28

The parties shall each have 15 minutes to address the following questions:

1.  In *Environmental Protection Information Center v. Pacific Lumber Company*, 301 F.Supp.2d 1102, 1111 (N.D. Cal. 2004), the court held that 33 U.S.C. § 1342(p) allows discharges only if they are composed entirely of stormwater, do not fall within any of the exceptions listed under subsection (p)(2), *and* are currently and properly unregulated.   The Court clarified that discharges from point sources are an expressly regulated category of pollution under the Clean Water Act, and thus are subject to the Clean Water Act and the NPDES.  *Id*. at 1112-13.  Therefore, even if the discharges from the Balloon Track consist entirely of stormwater and are not associated with industrial activity, on what basis do Defendants argue that discharges from point sources from Balloon Track would be exempt under section 402(p) of the Clean Water Act?

2.  a.  Where are the areas on the property that are or were involved in vehicle maintenance?

    b.  What evidence in the record, if any, demonstrates that pollutants flow from areas on the property that are or were involved in vehicle maintenance to point sources?

    c.  Do Plaintiffs contend that section 402(p) requires Defendants to obtain a permit for stormwater discharges from areas on the property that are not and were not involved in vehicle maintenance?  If so, on what authority do Plaintiffs rely?

3.  What evidence in the record supports Plaintiffs' assertion that there are discharges from NCRA's easement?

4.  Do the parties have anything further they wish to address?

    **IT IS SO ORDERED.**

Dated: June 12, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California