IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBOLDT BAYKEEPER and ECOLOGICAL RIGHTS FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY and NORTH COAST RAILROAD AUTHORITY, <br><br> Defendants. | No. C 06-02560 JSW <br><br> **ORDER (1) DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND (2) DENYING OBJECTIONS TO DISCOVERY ORDER** |

Now before the Court is the motion for partial summary judgment filed plaintiffs Humboldt Baykeeper and Ecological Rights Foundation ("Plaintiffs") and the cross-motion for summary judgment filed by defendants Union Pacific Railroad Company ("Union Pacific"), CUE VI, LLC ("CUE VI"), and North Coast Railroad Authority ("NCRA") (collectively, "Defendants"). Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court hereby denies Plaintiffs' motion for partial summary judgment and denies Defendants' cross-motion for summary judgment.[1]

---

[1] The Court denies Plaintiffs' administrative motion for leave to file objections to evidence submitted by Defendants in support of their reply brief because the Court did not need to consider such evidence in order to resolve the parties' cross-motions for summary judgment.

In a footnote, Defendants summarily object to the declarations of three of Plaintiffs' experts on the grounds that they allegedly exceed the scope of their expert reports. In addition to failing to provide *any* specific examples, Defendants fail to cite to the expert reports for the Court to compare against the declarations. Therefore, the Court denies this objection as insufficiently raised or supported. The Court overrules Defendants' *Daubert*

Also before the Court are the objections filed by Plaintiffs to Magistrate Judge Brazil's Discovery Order dated March 17, 2008 (the "Discovery Order"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby denies Plaintiff's objections and affirms the Discovery Order.

## BACKGROUND

In this action, Plaintiffs contend that Defendants have unlawfully discharged pollutants from a 30-acre property located in Eureka, California which Plaintiffs refer to as the "Balloon Track," into "waters of the United States." Based on these alleged discharges, Plaintiffs contend that Defendants are violating the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq*. and the Resources Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq*.

Plaintiffs move for partial summary judgment on their claim that Defendants are liable for their discharges of pollutants from point sources to waters of the United States without a permit in violation of the CWA. Plaintiffs also move for summary judgment on the threshold issue of standing. Defendants move for summary judgment on the issue of standing and on all of Plaintiffs' claims.

The Court will address additional specific facts as required in the analysis.

## ANALYSIS

**A.  Legal Standard on Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and

---

objection to the expert reports of Atul Salhotra and William J. Rogers, also raised summarily in a footnote. The Court overrules Plaintiffs' objections to the exhibits attached to the Declaration of Lawrence S. Bazel.

The Court notes that Defendants' method of identifying declarations and exhibits without describing by name whose declaration and without identifying the letter of the exhibit made it more difficult for the Court to locate the referenced evidence. Moreover, Defendants' chambers copies of the Declarations by Lawrence S. Bazel did not have any tabs separating the exhibits, also making it more difficult to locate the referenced evidence. Finally, at times both parties improperly cited to large documents without providing the specific pages or paragraphs which supported their arguments. To the extent the parties submit additional briefs and evidence to the Court, they are admonished not to continue such practices.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.     The Parties' Cross-Motions for Summary Judgment.**

3

1  Critical to both Plaintiffs' and Defendants' motion is the determination of whether there
2  are pollutants that are discharged from the Balloon Track.  Upon review of the substantial
3  record, the Court finds that there is evidence sufficient to create questions of fact precluding the
4  Court from finding in favor of either side.  Although the Court finds that there is extensive
5  evidence supporting Plaintiffs' position regarding the existence of pollutants on the property,
6  including NCRA's easement, that are discharged through point sources, Defendants have
7  submitted some evidence to dispute this issue.  For example, Defendants have submitted
8  evidence of risk assessments which conclude that there is no significant risk to human health
9  from the materials on the Balloon Track.  (Declaration of Lawrence S. Bazel ("Bazel Decl."),
10  Exs. 4-10.)  Defendants also present evidence that provides that the concentrations of total lead,
11  total copper, and total zinc in stormwater at the Balloon Track are no different than the
12  concentrations of those metals found in other tributaries to Humbolt Bay.  (*Id*.., Ex. 3.)  This
13  disputed issue of material fact also precludes the Court from granting either motion on the
14  threshold issue of standing.

15  Defendants make several other arguments in support of their motion on the CWA
16  claims, none of which the Court finds persuasive.  Defendants argue that the alleged discharges
17  targeted by Plaintiffs consist "entirely of stormwater" and are thus do not require a permit under
18  the CWA.  However, as noted above, Plaintiffs have submitted extensive evidence in support of
19  their position regarding the existence of pollutants on the property that are discharged through
20  point sources.  As the court found in *Environmental Protection Information Center v. Pacific*
21  *Lumber Company*, 301 F. Supp. 2d 1102, 1111 (N.D. Cal. 2004), when pollutants are added to
22  stormwater, such substance is not "composed entirely of stormwater."  The Court further rejects
23  Defendants' argument that they are not liable under the CWA as a matter of law because the
24  point sources, *i.e.* the two pipes, merely connect some waters of the United States (wetlands)
25  with another water of the United States (Clark Slough).

26  With respect to the RCRA claim, the Court finds that Plaintiffs have submitted sufficient
27  evidence to create a question of fact as to whether there may be an imminent and substantial
28  endangerment to human health or the environment.  Defendants argue at length about the

4

credibility of Plaintiffs' experts' conclusions that the pollutants from the property may cause an imminent and substantial endangerment, but such arguments are not proper for the Court to consider on a motion for summary judgment.

Accordingly, the Court DENIES Plaintiffs' partial motion for summary judgment and DENIES Defendants' cross-motion for summary judgment.

**C.   Judge Brazil's Discovery Order.**

The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

After a careful review of the Discovery Order, this Court finds that the Judge Brazil's ruling was not clearly erroneous or contrary to law. Therefore, this Court DENIES Plaintiffs' Objections and AFFIRMS the Discovery Order dated March 17, 2008.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' motion for partial summary judgment, denies Defendants' cross-motion for summary judgment, and denies Plaintiffs' objections to the Discovery Order.

Pursuant to Northern District Civil Local Rule 72-1, this matter is HEREBY REFERRED to a randomly assigned Magistrate Judge for purposes of conducting a settlement conference, to be completed within ninety days, if possible. In the event the parties are unable to resolve the matter, they are ORDERED to appear for a further case management conference

///
///
///
///
///

///

on February 6, 2009 at 1:30 p.m.  The parties shall submit a further case management statement by no later than January 30, 2009, setting forth proposed dates for the pretrial conference and trial.

**IT IS SO ORDERED.**

Dated: October 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc:     Wings Hom