IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBOLDT BAYKEEPER and<br>ECOLOGICAL RIGHTS FOUNDATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNION PACIFIC RAILROAD COMPANY<br>and NORTH COAST RAILROAD<br>AUTHORITY,<br><br>    Defendants.<br>_____/ | No. C 06-02560 JSW<br><br>**NOTICE OF QUESTIONS** |

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 1, 2009 AT 9:00 A.M.:

      The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 15 minutes to address the following questions:

1. What discovery, if any do Plaintiffs contend they would need to conduct if the Court were to grant Defendants' motion for leave to amend?

2. Defendants' counsel, Lawrence S. Bazel, states that "the State had not previously asserted an interest in the property in writing." (Supplemental Declaration of Lawrence S. Bazel, ¶ 4.) However, in the letter dated January 30, 2009, the State notes that the parties have been holding ongoing discussions regarding the public trust lands and are contemplating entering into a title settlement agreement. Until the issue is resolved, the State wrote the letter "assuming" that much of the property is sovereign or retains a public trust easement. Therefore, it is not clear to the Court how the letter provided information to Defendants that was significantly different from the information being discussed in the ongoing negotiations with the State. The Court is concerned that Defendants have delayed bringing this matter to the Court's attention. Nevertheless, if the State is claiming it owns a portion of the Balloon Track, this is an issue that needs to be addressed in this action.
   (a) What is the status of the discussions between Defendants and the State regarding the extent of public trust lands on the Balloon Track?
   (b) By what date do Defendants expect the State's potential ownership issue to be resolved?
   (c) The Court notes that although Defendants filed a motion to dismiss for failure to join an indispensable party, the State's potential ownership interest is still not resolved. Can the Court address Defendants' motion to dismiss before the State's potential ownership issue is resolved? If not, how do the parties propose that the Court proceed in this matter?

3. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2