IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUMBOLDT BAYKEEPER and
ECOLOGICAL RIGHTS FOUNDATION,

    Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY
and NORTH COAST RAILROAD
AUTHORITY,

    Defendants.

No. C 06-02560 JSW

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND**

Now before the Court is Defendants' motion for leave to amend their answer. Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court hereby denies Defendants' motion.[1]

**BACKGROUND**

Defendants move to amend their answer to change their admission that CUE VI owns the Balloon Track and to plead an affirmative defense of failure to join all necessary and indispensable parties. In essence, Defendants now seek to amend their answer to allege that the State may own part of the property. Plaintiffs oppose on the grounds that they would be prejudiced by the belated amendment, Defendants unduly delayed in seeking leave to amend, Defendants are moving in bad faith, and that the requested amendment would be futile.

---

[1] The Court HEREBY DENIES Plaintiffs' administrative motion for leave to file a sur-reply and GRANTS Plaintiffs' administrative motion for leave to file supplementary materials.

In their reply brief, Defendants argued that because parties may raise this indispensable party issue at any time, their delay cannot constitute "undue" delay and Plaintiffs would not be prejudiced by the proposed amendment. (Reply at 2-3, 5.) However, at the hearing on Defendants' motion, Plaintiffs responded that pursuant to the *Ex Parte Young* doctrine, the State may be sued for violations of federal law in which the plaintiffs merely seek prospective, injunctive relief, and therefore, the State would be, at most, a necessary party to this action, but would not be indispensable. Moreover, although the absence of an indispensable party may be raised at any time, the failure to join necessary parties may be waived if objections are not made in the defendant's first responsive pleading. The Court provided Defendants an opportunity to respond to Plaintiffs' argument raised oral argument.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

As noted above, Plaintiffs countered Defendants' argument that because parties may raise the indispensable party issue at any time, their delay could not constitute undue delay and Plaintiffs would not be prejudiced by the proposed amendment. Plaintiffs asserted that pursuant to the *Ex parte Young* doctrine, the State may be sued for violations of federal law in which the plaintiffs merely seek prospective, injunctive relief, and therefore, the State would be, at most, a necessary party to this action, but would not be indispensable. Moreover, although the absence of an indispensable party may be raised at any time, the failure to join necessary parties may be

waived if objections are not made in the defendant's first responsive pleading. *See Citibank, N.A. v. Oxford Properties & Finance Ltd.,* 688 F.2d 1259, 1263 n. 4 (9th Cir. 1982).

The Court finds Defendants' response to the issues of waiver and whether the State would be indispensable unpersuasive. Defendants' reliance on *Phillippines v. Pimentel*, __ U.S. __, 128 S.Ct. 2180 (2008) is misplaced. In *Phillipines*, the parties did not contest whether the Republic of the Philippines ("Republic") and the Philippine Presidential Commission on Good Governance ("Commission") were necessary parties under Federal Rule of Civil Procedure 19(a). *Id.* at 2189. The issue before the Court was whether the Republic and the Commission were indispensable under Federal Rule of Civil Procedure Rule 19(b).

Again, the Court finds Defendants' reliance on its cited authority for the proposition that the State cannot be joined, and is thus indispensable pursuant to Rule 19(b), is misplaced. Pursuant to the *Ex Parte Young* doctrine, the State may be sued for violations of federal law in which the plaintiffs merely seek prospective, injunctive relief. *Ex parte Young,* 209 U.S. 123, 159-160 (1908). In the case relied on by Defendants, the Supreme Court held that although an allegation of an on-going violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Ex parte Young* doctrine, the case before it was "unusual in that the Tribe's suit [was] the functional equivalent of a quiet title action" and sought "substantially all benefits of ownership and control" over the property. *Idaho v. Coeur d'Alene*, 521 U.S. 261, 281-282 (1997). As a result, the Court held that the *Ex Parte Young* doctrine was inapplicable. *Id.* In contrast, Plaintiffs' action here is not the equivalent of a quiet title action. Therefore, *Coeur d'Alene* is inapposite.

Finally, Defendants unpersuasively argue that the issue of whether the State is a necessary party cannot be waived. Defendants argue that the language of Rule 19(a) does not impose any obligation on the parties to protect the interests of absent persons, but instead, is directed at the courts. However, Defendants ignore the plain language of Federal Rule of Civil Procedure 12 and the case law holding that the affirmative defense of failure to join necessary parties may be waived if objections are not made in the first responsive pleading. Rule 12(b) provides that every defense, including the failure to join a party under Rule 19, must be asserted

3

in the responsive pleading if one is required.  Rule 12(h)(2) merely exempts the failure to join a person required under Rule 19(b) from waiver, not necessary parties under Rule 19(a).  *See* Fed. R. Civ. P. 12(b), (h); *see also Ransom v. Babbitt*, 69 F. Supp. 2d 141, 148 (D.D.C. 1999) ("The timeliness requirements of Rule 12(h) counsel that '[i]n federal procedure, failure to join necessary parties is waived if objection is not made in defendant's first responsive pleading; it is only the absence of an indispensable party which may (possibly) be raised later.'") (quoting *Citibank*, 688 F.2d at 1263 n. 4).  Courts have clearly found that although the absence of an indispensable party may be raised at any time, the failure to join necessary parties may be waived if objections are not made in the defendant's first responsive pleading.  *See Citibank*, 688 F.2d at 1263 n. 4;[2] *see also Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2d Cir. 1994); *State Farm Mutual Automobile Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 294 (10th Cir. 1975); *Church Mut. Ins. Co. v. Save-a-Buck Car Rental Co., Inc.*, 201 F.R.D. 440, 440-441 (W.D. Mich. 2000); *Ransom*, 69 F. Supp. 2d at 148; *UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 389, 391 (D.N.J. 1995) ("the defense of failure to join necessary parties is waived if not pleaded"); *North Dixie Theatre, Inc. v. McCullion*, 613 F. Supp. 1339, 1346 (S.D. Ohio 1985) ("Although Rule 12(h)(2) preserves an *indispensible* party objection, this provision does not apply to persons who are merely necessary parties under Rule 19(a)") (emphasis in original).

The court in *CP National Corp. v. Bonneville Power Admin.*, 928 F.2d 905 (9th Cir. 1991) simply provides that *courts* may raise the absence of necessary parties *sua sponte* and may do so at any stage in the proceeding.  *Id*. at 911-12.  The court did not consider whether a *party* could raise the issue at any stage in the proceeding or whether this defense could be waived, and did not address the requirements of Rule 12.

Therefore, the Court finds that Defendants have waived the issue of whether the State is a necessary party.  The Court further finds that Defendants unduly delayed in raising this issue

---

[2] Defendants argue that *Citibank* is inconsistent with *Philippines*, but, as noted above, in *Phillipines*, the parties did not contest whether the Republic and the Commission were necessary parties under Rule 19(a).  Instead the issue before the Court was whether the Republic and the Commission were indispensable under Rule 19(b).  *Phillippines*, 128 S.Ct. at 2189.

and that Plaintiffs would be prejudiced if Defendants were allowed to amend at this late stage in the proceedings. Accordingly, the Court denies Defendants' motion for leave to amend.

**IT IS SO ORDERED.**

Dated: June 1, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE