IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBOLDT BAYKEEPER and ECOLOGICAL RIGHTS FOUNDATION,<br><br>　　Plaintiffs,<br><br>　v.<br><br>UNION PACIFIC RAILROAD COMPANY and NORTH COAST RAILROAD AUTHORITY,<br><br>　　Defendants.<br>_____/ | No. C 06-02560 JSW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Now before the Court is the motion for reconsideration filed by defendants Union Pacific Railroad Company and CUE VI, LLC and joined by North Coast Railroad Authority (collectively, "Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby denies Defendants' motion for reconsideration.

A party moving for reconsideration must specifically demonstrate: (1) the existence of a material difference in fact or law that was not known at the time of the order, despite the exercise of reasonable diligence; or (2) the emergence of new material facts or change of law occurring after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments already presented to the Court. Civil L.R. 7-9(a) and (b). The moving party may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c); *See also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). Although the Court granted Defendants leave to file a motion for reconsideration, upon further examination, the Court finds that Defendants have not made the necessary showing. The "new" regulation upon which Defendants rely was codified on June 13, 2008, more than four months before the Court issued its order on the parties' cross-motions for summary judgment. Therefore, Defendants have not shown a change in law that occurred after the time of the order. For this reason, the Court denies Defendants' motion for reconsideration.

Moreover, even if the Court were to consider the merits of Defendants' motion, the Court finds that Defendants' motion, in essence, reargues the arguments they made in support of their motion for summary judgment. Notably, Defendants do not even recite the text of the regulation until page nine of their thirteen-page motion. More significantly, Defendants have not demonstrated that the regulation itself even applies to the alleged conduct at issue in this case. Therefore, based on this independent reason as well, the Court denies Defendants' motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 9, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2