IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUMBOLDT BAYKEEPER and
ECOLOGICAL RIGHTS FOUNDATION,

    Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY
and NORTH COAST RAILROAD
AUTHORITY,

    Defendants.

No. C 06-02560 JSW

**NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 8, 2010 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 15 minutes to address the following questions:

1.  What is the status of the proceedings before the Coastal Commission?
    a.  For when is the *de novo* hearing scheduled?
    b.  What impact, if any, does the appeal before the Coastal Commission have on CUE VI's implementation of the Supplemental Interim Remedial Action Plan?
    c.  What impact, if any, does the appeal before the Coastal Commission have on CUE VI's compliance with the order to abate the nuisance?

2.  Does CUE VI need any permits other than the ones listed in paragraph 5 of the Supplemental Declaration of Lawrence S. Bazel to begin working on the Supplemental Interim Remedial Action Plan?
    a.  If so, what permits?
    b.  Has CUE VI received or made attempts to receive the permits required to implement the Supplemental Interim Remedial Action Plan?

3.  By when does CUE VI anticipate completing its implementation of the Supplemental Interim Remedial Action Plan?
    a.  Is CUE VI is doing anything differently to comply with the order to abate the nuisance as opposed to what it is doing to implement the Supplemental Interim Remedial Action Plan?
    b.  If so, by when does CUE VI anticipate completing compliance with the abatement order?

4.  By when does Ms. Tang intend to return from maternity leave?

5.  Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 6, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE