**United States District Court**
For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
HUMBOLDT BAYKEEPER and
ECOLOGICAL RIGHTS FOUNDATION,
10                                                    No. C 06-02560 JSW
              Plaintiffs,
11
      v.
12                                                    **ORDER REGARDING MOTION**
                                                      **FOR RECONSIDERATION AND**
UNION PACIFIC RAILROAD COMPANY,                       **OTHER OUTSTANDING ISSUES**
13  et al.,                                           **FROM PRETRIAL CONFERENCE**
14            Defendants.
15  _____/
16
17          Now before the Court is Plaintiffs' motion for reconsideration of this Court's order

18  denying their Motion *in limine* No. 1 with respect to undisclosed witnesses.  Rule 26 requires

19  parties to disclose the identity of their expert witnesses "accompanied by a written report

20  prepared and signed by the witness."  Fed. R. Civ. P. 26(a)(2)(B).  Parties are required to serve

21  their opening and expert rebuttal reports "at the times and in the sequence directed by the

22  court."  Fed. R. Civ. Proc. 26 (a)(2)(c).  "Rule 37(c)(1) gives teeth to these requirements by

23  forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not

24  properly disclosed."[1]  *Yetti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

25  Cir. 2001).  This rule excludes untimely expert witness testimony, unless the "parties' failure to

26  disclose the required information is substantially justified or harmless."  *Id*.; *see also Carson*

27
28          [1]  Rule 37 provides in pertinent part: "A party that without substantial justification
fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response
to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to
use as evidence at a trial, at a hearing, or on a motion any witness or information not so
disclosed."  Fed. R. Civ. Proc. 37(c)(1).

*Harbor Village, Ltd. v. Unocal Corp.*, 2003 WL 22038700, *2 (C.D. Cal. 2003) ("Excluding expert evidence as a sanction for failure to disclose expert witnesses in a timely fashion is automatic and mandatory unless the party can show the violation is either justified or harmless.") (internal quotes and citation omitted).  Defendants bear the burden of demonstrating their failure was either substantially justified or harmless.  *Yetti by Molly*, 259 F.3d at 1107.

Defendants try to avoid the disclosure and reporting requirements of Rule 26(a) by arguing that these witnesses are "non-retained" experts and, thus, may provide testimony based on personal knowledge of a factual situation.  However, pursuant to Federal Rule of Evidence 701, lay witnesses may testify based upon their experience, but they may not provide opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701; *see also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that opinion by lay witness on observations that were not "common" but required demonstrable expertise was improper).  The purpose of this limitation is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  Fed. R. Evid. 701 Advisory Committee Notes (2000 Amendment).  Thus, "[t]he mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702."  *Figueroa-Lopez*, 125 F.3d at 1246.  Even the authority Defendants rely on concludes that "[i]f the proposed testimony of a non-retained expert witness identified pursuant to Rule 26(a)(2)(A) will exceed the scope of the individual's percipient knowledge and ventures into more general expert testimony, a report will be required."  *Vaxiion Therapeutics, Inc. v. Foley & Lardner, LLP*, 2008 U.S. Dist. LEXIS 51171, at *6 (S.D. Cal. July 2, 2008).

Upon review of the record, the Court finds that Defendants seek to have each of these three witnesses testify on matters based on their expertise and not merely their percipient observations.  Moreover, Defendants have not demonstrated that their failure to timely disclose these witnesses as experts was either harmless or justified.  Therefore, the GRANTS Plaintiffs' partial motion for reconsideration and HEREBY EXCLUDES Frans Lowman, Dr. Terry Huffman, and John Winzler from testifying at trial.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    The Court also addresses the following issues outstanding from the pretrial conference

2    held on February 16, 2010:

3        (1) Plaintiffs' Motion *in limine* No. 1 with respect to excluding certain documents is

4    GRANTED as to Exhibits 2097, 2172, 2193, 2196, 2249, 2254-56, 2308-74.  Plaintiffs' Motion

5    *in limine* No. 1 is DENIED with respect to Exhibits 2173-2183 to the extent that Defendants

6    seeks to use these exhibits to support an argument other than the State owns a portion of the

7    Balloon Track.

8        (2) With respect to Plaintiff's Motion *in limine* No. 4, to the extent that Defendants seek

9    to argue that the pipes are not physically located on the Balloon Track, they may make that

10   argument based on documents that have been properly produced.  However, Defendants are

11   precluded from arguing that the pipes may be physically on the property but are owned by the

12   State.

13       (3) Defendant North Coast Railroad Authority ("NCRA") asserted, for the first time, in

14   its pretrial conference statement, that Plaintiffs' claim against it under the Clean Water Act is

15   preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49

16   U.S.C. § 10501(b).  First, the Court notes that the strength of NCRA's conviction that this

17   matter is preempted is belied by NCRA's significant delay in raising this issue.  Second, and

18   more importantly, the Court finds that NCRA fails to demonstrate that the Clean Water Act

19   claim is actually preempted by the ICCTA.  The ICCTA provides that the Surface

20   Transportation Board ("STB") will have exclusive jurisdiction over "the construction,

21   acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or

22   side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one

23   State."  *See* 49 U.S.C. § 10501(b)(2).  The ICCTA further provides that "the remedies provided

24   under this part with respect to regulation of rail transportation are exclusive and preempt the

25   remedies provided under Federal or State law."  49 U.S.C. § 10501(b).

26       Despite the broad language of the ICCTA, both courts and the STB have limited the

27   preemptive scope of this Act.  As the Eleventh Circuit held, the express preemption of the

28   ICCTA, "applies only to state laws 'with respect to *regulation* of rail transportation.'"  *Florida*

United States District Court

For the Northern District of California

1    *East Coast Railway Co. v. City of West Palm Beach*, 266 F.3d 1324, 1331 (11th Cir. 2001)

2    (quoting 49 U.S.C. § 10501(b)) (emphasis in original).  ICCTA preemption only displaces

3    "'regulation,' i.e., those state laws that may reasonably be said to have the effect of 'managing]'

4    or 'governing]' rail transportation" and permits "the continued application of laws having a

5    more remote or incidental effect on rail transportation."  *Id.* (finding that the enforcement of

6    existing zoning ordinances of general applicability were not preempted); *see also Association of*

7    *American Railroads v. South Coast Air Quality Management District*, 2007 U.S. Dist. LEXIS

8    65685, * 14 (C.D. Cal. April 30, 2007) (finding the Clean Air Act was not preempted, noting

9    that the "STB has repeatedly held that 'nothing in section 10501(b) is intended to interfere with

10   the role of state and local agencies in implementing Federal environmental statutes, such as the

11   Clean Air Act, the [Clean Water Act], and the [Safe Drinking Water Act].'") (quoting *Boston*

12   *and Maine Corp. and Town of Ayer, MA*, STB Finance Docket No. 33971, 2001 WL 458685, at

13   *5 (STB, Apr. 30, 2001)).[2]

14        The STB has made clear that "[n]othing in section 10501(b) is intended to interfere with

15   the role of state and local agencies in implementing Federal environmental statutes, such as the

16   Clean Air Act, the Clean Water Act, and the Safe Drinking Water Act, unless the regulation is

17   being applied in such a manner as to unduly restrict the railroad from conducting its operations

18   or unreasonably burden interstate commerce."  *See Friends of the Aquifer*, STB Finance Docket

19   No. 33966, 2001 WL 928949, *4 (STB, Aug. 10, 2001); *see also Boston and Maine Corp. and*

20   *Town of Ayer, MA*, STB Finance Docket No. 33971, 2001 WL 458685, at *5 (STB, Apr. 30,

21   2001).  NCRA's only argument that Plaintiffs' attempted enforcement of the Clean Water Act

22   unreasonably burdens interstate commerce is that the cost of litigating this action is high.

23   NCRA fails to provide any authority demonstrating that the mere cost of litigating a claim may

24   be found to unreasonably burden interstate commerce.  Moreover, if NCRA truly believed that

25

26        [2] NCRA's reliance on *City of Auburn v. United States*, 154 F.3d 1025 (9th Cir. 1998)
     is misplaced.  In *Auburn*, the court merely held that the ICCTA preempted local regulations

27   regarding the function and operation of rail lines.  The court noted that if the local authority
     had the ability to impose permitting regulations on the reopening of a rail line, such power

28   would amount to "economic regulation" if the carrier were prevented from conducting such
     activity.  *Id.*  The Clean Water Act was not at issue in *Auburn*.

4

Plaintiffs' claim against it was preempted, it could have moved to dismiss this claim when it was first filed and, thus, sought to limit the cost of the litigation. The Court finds that the application of the Clean Water Act to NCRA in this action is not preempted by the ICCTA.

**IT IS SO ORDERED.**

Dated: May 27, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE